IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BELLA ZUZEL, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SEPTA, CARDINAL HEALTH, and | : | |
| MEDLINE INDUSTRIES, INC., | : | No. 19-268 |
| Defendants. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                April 11, 2019

Bella Zuzel alleges that she has suffered several injuries using assistive devices that are manufactured, distributed, or sold by Defendants Cardinal Health and Medline Industries, Inc. while riding on buses or subways operated by Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA"). Although her claims arise from three different incidents, Zuzel has brought claims under the Americans with Disabilities Act ("ADA") and state tort law against the three defendants in one lawsuit. SEPTA now moves to dismiss the complaint without prejudice based on the misjoinder of parties in violation of Rules 20 and 21, and Cardinal moves to dismiss for failure to state a claim. For the reasons that follow, the Court will sever and remand Zuzel's claims against Medline and dismiss the claims against Cardinal for failure to state a claim.

**I.      BACKGROUND**

Zuzel alleges that, in November 2016, she was exiting SEPTA's subway line onto a platform, when the wheel of her Cardinal rollator "became lodged into the gap between the train and platform." (Compl. ¶ 5.) The rollator "fractured and broke causing plaintiff to fall and suffer a right knee patella fracture requiring an open reduction with internal fixation utilizing two screws, along with other traumatic injuries, damages and losses." (*Id.*)

1

Zuzel replaced her Cardinal rollator with a new Medline Guardian rollator, "of similar manufacture and design." (*Id.* ¶ 6.) But in January 2018, this rollator's wheel also "fractured and broke while she was walking on a sidewalk in Philadelphia and using the rollator "in its normal and customary manner." (*Id.* ¶ 7.) As a result, Zuzel suffered "a left knee fracture, cartilage tears and other traumatic injuries, damages and losses." (*Id.*)

Zuzel had a third incident, this time on a SEPTA bus, in April 2018. After boarding the bus, Zuzel "suffered head injuries and other musculoskeletal injury when the bus suddenly . . . accelerated" and caused her to fall backward, "striking her head on the floor of the bus before [she] even had reasonable opportunity to secure herself and her belongings." (*Id.* ¶ 8.)

As a result of these three separate accidents, Zuzel alleges that she "suffered permanent physical injuries, requiring surgery, extensive treatment and physical therapy" and experienced "great pain, suffering, loss of enjoyment of life, embarrassment, humiliation, mental anguish and distress." (*Id.* ¶ 9.)

In November 2018, Zuzel sued SEPTA, Cardinal, and Medline in the Philadelphia Court of Common Pleas. Cardinal and Medline consented to SEPTA's removal of the case to federal court. Zuzel asserts claims of negligence against all Defendants; strict product liability claims for both failure to warn and defective design and manufacture against Cardinal and Medline; breach of warranty claims against Cardinal and Medline; and a claim for failure to comply with the ADA against SEPTA based on the November 2016 incident. SEPTA has moved to dismiss the complaint under Rules 20 and 21 of the Federal Rules of Civil Procedure for improper joinder of Defendants in one lawsuit. Cardinal has also moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6).

## II. STANDARD OF REVIEW

Rule 20 establishes that a plaintiff may join defendants in a single action if the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and contain any common question of law or fact. Fed. R. Civ. P. 20(a)(2). If a party is improperly joined, courts have broad discretion pursuant to Rule 21 either to drop the party or to sever claims. *Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In assessing a motion to dismiss pursuant to Rule 12(b)(6), "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

## III. DISCUSSION

### A. Joinder of Parties and Claims

SEPTA moves to dismiss Zuzel's claims without prejudice for misjoinder under Rules 20 and 21. SEPTA argues that Zuzel's claims against the three Defendants arise from three "separate and distinct" incidents that "bear no factual relationship to one another." (SEPTA's Mem. of Law in Supp. of Mot. to Dismiss at 6.) The Court agrees that Zuzel's joinder of Medline violates Rule 20 but finds that Zuzel may proceed jointly with her claims against SEPTA and Cardinal.

> *i. Zuzel has improperly joined Medline but may proceed jointly with claims against SEPTA and Cardinal in this action.*

The Federal Rules of Civil Procedure permit the joinder of more than one defendant if the plaintiff's claims "aris[e] out of the same transaction, occurrence, or series of transactions or

3

occurrences" and there is a "question of law or fact common to all defendants [that] will arise in the action." Fed. R. Civ. P. 20(a)(2). This rule has been construed liberally and "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Although joinder is to be "liberally granted," both elements of Rule 20 must be met for a plaintiff to proceed against multiple defendants in a single action. *See Miller v. Hygrade Food Prods. Corp.*, 202 F.R.D. 142, 144 (E.D. Pa. 2001). The first element of this two-part test for permissive joinder of defendants—the "same transaction" or "transactional relatedness prong"—"refers to the similarity in the factual background of the relevant claims." *Cooper*, 266 F.R.D. at 88. "'Transaction' is a word of flexible meaning," which "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Miller*, 202 F.R.D. at 144. A question of law or fact common to all defendants is the second requirement under Rule 20(a). Courts have interpreted this prong as analogous to the requirement in Rule 23(a), which constitutes a "very low threshold." *Id.* at 145 (quoting *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 131 n.15 (3d Cir. 1998)).

Rule 18, which governs the joinder of claims rather than parties, provides that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18. Joinder of claims pursuant to this rule operates independently from the joinder of parties: so long as there is one claim that allows a plaintiff to join multiple defendants in a single action, a plaintiff may assert additional claims which are unrelated to the first claim and pertain to only some of the joined defendants. 7 Charles Alan et al., *Federal Practice and Procedure*, § 1585 (3d ed. 2018).

Here, Zuzel's claims against Medline do not arise out of the same "transaction or occurrence" or "series of transactions or occurrences" as her claims against SEPTA and Cardinal. While all of Zuzel's claims against Medline pertain to her January 2018 accident, in which her Medline rollator wheel broke while she was walking on the sidewalk, her claims that relate to both SEPTA and Cardinal arise out of her separate rollator accident on a SEPTA subway platform nearly fourteen months prior, in November 2016. These two incidents simply do not "arise out of the same transaction or occurrence" or "the same series of transactions or occurrences" as Rule 20 requires for the joinder of parties as defendants.

While Zuzel has misjoined Medline as a defendant in this case, her joinder of SEPTA and Cardinal in a single action is permissible. Zuzel asserts claims arising out of her November 2016 accident against both SEPTA and Cardinal. This satisfies the first prong of the Rule 20(a) test for joinder of parties. The second prong for joinder of parties—that there is a question of law or fact common to all defendants—is also met. Here, Zuzel asserts that both SEPTA and Cardinal were negligent based on their actions during the same November 2016 accident. Thus, there will be factual questions common to each defendant based on this claim alone.

Because both elements of Rule 20 are satisfied, Zuzel may join SEPTA and Cardinal in a single action and may bring any claims she has against each defendant, even those arising from a separate transaction or occurrence, pursuant to Rule 18. Thus, Zuzel's additional claims against SEPTA arising out of her April 2018 accident are properly joined in this action.

> ii. *The Court will sever Zuzel's claims against Medline and remand them for further proceedings in state court.*

Although a court may not dismiss an action altogether for misjoinder, there are two remedial alternatives available: (1) "drop" misjoined parties "on just terms" or (2) "sever any claim against a party." Fed. R. Civ. P. 21. The impact of these options is "quite different." *DirecTV, Inc.*

*v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). "Drop[ping]" a defendant under Rule 21 amounts to dismissal without prejudice, which means that the statute of limitations is not tolled. *Id.* However, severance of a claim against a defendant means that "the suit simply continues against the severed defendant in another guise" and "[t]he statute of limitations is held in abeyance." *Id.* Although a district court has broad discretion to choose the appropriate remedy for misjoinder, that discretion "is abated when it prejudices any substantial right of plaintiffs, which includes loss of otherwise timely claims." *Id.* at 846-47.

In its discretion, the Court will sever all claims against Medline, which arise under state law, and remand them to state court where Zuzel originally filed her claims.

**B. Failure to State a Claim**

Cardinal moves to dismiss all of Zuzel's claims against it—negligence, failure to warn, defective design and manufacture, and breach of warranty—for failure to state a claim. The Court agrees that Zuzel has failed to allege facts sufficient to state a claim to relief that is plausible on its face against Cardinal. Although the Court will dismiss all the claims against Cardinal, it will grant Zuzel leave to amend.

  *i. Negligence*

Under Pennsylvania law, a plaintiff must prove four elements to establish a claim for negligence: (1) that the defendant owed a duty of care to the plaintiff; (2) that the defendant breached that duty; (3) that the breach resulted in injury to the plaintiff; and (4) that the plaintiff suffered an actual loss or damage. *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998). "Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances." *Id.*

Zuzel alleges that Cardinal "owed plaintiff a duty of care to provide safe equipment to intended users of their equipment," but "breached [its] duty . . . by failure to provide . . . safe equipment." (Compl. ¶¶ 11, 13.) Zuzel contends that this breach was "a direct, proximate and factual cause and substantial factor" in her alleged injury. Because these allegations are simply a recital of the elements of negligence, they do not meet the pleading requirements set forth in *Twombly* and *Iqbal*.

> ii. Failure to Warn

A product is defective under a failure-to-warn theory when the product was "distributed without sufficient warnings to notify the ultimate user of the dangers inherent in the product." *Mackowick v. Westinghouse Elec. Corp.*, 575 A.2d 100, 102 (Pa. 1990). To establish a claim for failure to warn under Pennsylvania law, a plaintiff must prove that: "(1) a warning of a particular product was either lacking or inadequate, and (2) the user of the product would have avoided the risk had he been advised of it by the seller." *Jeter v. Brown and Williamson Tobacco Corp.*, 113 F. App'x 465, 467-68 (3d Cir. 2004) (citing *Phillips v. A-Best Prods. Co.*, 665 A.2d 1167, 1171 (Pa. 1995)). "When the dangers of a product are or should be known to the user, liability cannot be imposed on the manufacturer for failure to warn of the danger." *Id.* at 468 (citing *Sherk v. Daisy-Heddon*, 450 A.2d 615, 618 (Pa. 1982)).

Here, Zuzel alleges that Cardinal "had a duty to provide proper warnings, labeling and instructions in the safe and proper maintenance and use of [its] rollator device[]" but failed to provide them. (Compl. ¶¶ 17-18.) As a result, Zuzel alleges that she "suffered serious injuries and damages." (*Id.* ¶ 19.) Without any factual allegations regarding the warnings, labels, and instructions on the Cardinal rollator device, the Complaint does not state a claim for relief.

7

*iii. Defective Design and Manufacture*

Pennsylvania has adopted Section 402A of the Second Restatement of Torts to govern strict products liability actions. *Webb v. Zern*, 220 A.2d 853, 854 (Pa. 1966). That provision states that:

> One who sells any product in a defective condition unreasonably dangerous to the user or consumer, or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

Restatement (Second) of Torts § 402A(1). To recover for strict product liability, a plaintiff must show that (1) the product was defective; (2) the defect proximately caused the plaintiff's injury; and (3) the defect existed at the time the product left the defendant's control. *Pavlik v. Lane Ltd./Tobacco Exporters Int'l*, 135 F.3d 876, 881 (3d Cir. 1998) (citing *Davis v. Berwind Corp.*, 690 A.2d 186, 190 (1997)). In addition to defects due to a failure to warn, as discussed above, products may be defective in their design or manufacture. *Phillips*, 665 A.2d at 1170. The Pennsylvania Supreme Court has held that a plaintiff may prove a product is defective by showing that either: (1) "the danger is unknowable and unacceptable to the average or ordinary consumer"; or (2) "a 'reasonable person' would conclude that the probability and seriousness of harm caused by the product outweigh the burden or costs of taking precautions." *Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 385-91 (Pa. 2014).

In support of her strict product liability claim for defective design and manufacture, Zuzel asserts that "[o]n November 25, 2016, [Zuzel] was operating a [Cardinal] rollator when the rollator broke due to an insufficient design and/or manufacture." (Compl. ¶ 22.) She further alleges that "[t]he rollator[ was] sold and delivered to [her] without substantial change in condition in which it was sold . . . and distributed in an unreasonably dangerous condition," which caused her injuries. (*Id.* ¶¶ 24-25.) Without more, these bare allegations are insufficient to state a claim.

8

### iv. Breach of Warranty

Zuzel asserts a claim against Cardinal for breach of both express and implied warranties. Under Pennsylvania law, "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." 13 Pa. Const. Ann. § 2313(a). "Absent a demonstration that a promise or affirmative statement was made, how or by whom the promise was made, or what was in fact promised, a claim for breach of express warranty is not sufficiently plead." *Starks v. Coloplast Corp.*, Civ. A. No. 13-3872, 2014 WL 617130, at *6 (E.D. Pa. Feb. 18, 2014).

In Pennsylvania, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to the goods of that kind." 13 Pa. Cons. Stat. § 2314(a). To recover for breach of the implied warranty of merchantability in Pennsylvania, a plaintiff must show that the product was defective. *See Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1105 (3d Cir. 1992).

As she does throughout her complaint, Zuzel asserts bare allegations in support of this breach of warranty claim. Specifically, she alleges that "Cardinal . . . made implied and express warranties with regard to [its] product" and "breached [its] warranties, a proximate result of which plaintiff suffered serious and permanent injuries, losses and damages." (Compl. ¶¶ 27-28.) In addition to the overall lack of factual support, these allegations fail to plead even the basic elements of a claim for breach of express warranty: the Complaint does not identify a specific affirmation or promise made by Cardinal. Zuzel has failed to state a claim for breach of warranty.

## IV. CONCLUSION

For the reasons discussed above, the court finds that Zuzel has improperly joined Medline in this action and has failed to state a claim against Cardinal. Accordingly, the Court will sever and remand to the Philadelphia Court of Common Pleas the claims against Medline and dismiss without prejudice the claims against Cardinal. However, the Court will grant Zuzel leave to amend her Complaint. An Order consistent with this Memorandum will be docketed separately.