IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BELLA ZUZEL, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SEPTA and CARDINAL HEALTH, INC., | : | No. 19-268 |
| Defendants. | : | |

### MEMORANDUM

**Schiller, J.**                                                                                                                       **July 18, 2019**

Before the Court are two motions to dismiss in this action alleging disability discrimination, products liability, and other state tort and contract claims. The Court has already given Bella Zuzel leave to amend her complaint after she misjoined a defendant to this action and failed to state a claim against Cardinal Health, Inc. Now, the remaining defendants, Southeastern Pennsylvania Transportation Authority ("SEPTA") and Cardinal Health, each challenge the sufficiency of two claims against them in Zuzel's amended complaint. Because the amended pleadings still fail to state a claim for strict products liability based on a manufacturing defect and breach of express warranty, those claims against Cardinal Health will be dismissed with prejudice. Since claims brought under Section 1983 may not be predicated on violations of the Americans with Disabilities Act ("ADA"), Zuzel's Section 1983 claim against SEPTA will also be dismissed. However, Zuzel may proceed with the rest of her claims against Cardinal Health and SEPTA.

**I.    BACKGROUND**

Zuzel asserts claims against SEPTA and Cardinal Health, which designs, manufactures, distributes, and sells "assistive devices" called "rollators," for injuries she sustained in two separate accidents. (Am. Compl. ¶ 3.) Because the Court has already recounted the factual allegations of

1

this case in a previous memorandum, it will limit this background section to new allegations contained in Zuzel's amended pleadings that are pertinent to the motions before the Court.

Zuzel, who is disabled, alleges that she sustained injuries from two accidents in November 2016 and April 2018 while using SEPTA's services. (*Id.* ¶¶ 33-44.) During the first accident, the wheel of her rollator, which was manufactured and designed by Cardinal Health, broke when she was exiting SEPTA's subway onto the platform. (*Id.* ¶ 54.) Zuzel alleges that the wheel broke due to its defective design: the wheel's size, diameter, and frame design "ma[d]e the product unsafe for use on subways and in particular in negotiating the gap between the subway car and platform." (*Id.* ¶ 57.) This was in violation of Cardinal Health's "express and implied warranties" that "its product was safe for its intended use assisting users in ambulating in, onto and around areas of public accommodation such as subways and rail lines where the user would have to negotiate the gap between the rail cars and platforms." (*Id.* ¶ 62.)

Zuzel alleges that, under the ADA, SEPTA was required to "ensure its facilities were readily accessible to and usable by individuals with disabilities, including individuals who use manually-powered mobility aids." (*Id.* ¶ 15.) SEPTA was on notice that there was a risk of injury due to the wheels of assistive devices becoming caught between subway cars and the platform and was aware that ramps or bridge plates could reduce or eliminate the likelihood of such accidents. (*Id.* ¶ 18.) However, SEPTA failed to provide "platform barriers, vehicle ramps or bridge plates, and proper and clear pathways and ramps" or information to the public about such devices. (*Id.* ¶¶ 17, 19.)

In April, the Court severed Zuzel's claims against another defendant for improper joinder and dismissed all of Zuzel's claims against Cardinal Health for failure to state a claim. However, the Court granted Zuzel leave to amend her complaint. In her Amended Complaint, Zuzel asserts

three claims against SEPTA: (1) violation of the ADA; (2) violation of 42 U.S.C. § 1983; and (3) negligence. She brings three claims against Cardinal Health: (1) strict product liability for failure to warn; (2) strict product liability for defective design and manufacture; and (3) breach of both express and implied warranties. Zuzel also requests attorney fees pursuant to 42 U.S.C. § 1988.

## II.     STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In assessing a motion to dismiss pursuant to Rule 12(b)(6), "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

## III.    DISCUSSION

Both defendants have filed partial motions to dismiss. For the reasons below, the Court will grant in part and deny in part SEPTA's motion and will grant Cardinal Health's motion in its entirety.

### A. ADA Claim against SEPTA

SEPTA argues that Zuzel's ADA claim must be dismissed because she seeks to recover only compensatory damages—rather than injunctive relief—and that remedy is available under the ADA only when a plaintiff demonstrates intentional discrimination. (SEPTA's Mem. of Law in Supp. of Mot. to Dismiss [SEPTA's Br.] at 5-6.) SEPTA asserts that Zuzel has failed to allege facts that support an inference of intentional discrimination and has, thus, failed to state a claim for compensatory damages. In response, Zuzel asserts that her allegations support an inference that

3

SEPTA acted with "deliberate indifference" by failing to meet the ADA's accessibility requirements for disabled patrons. (Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss [Pl.'s SEPTA Br.] at 3.)

Title II of the ADA, which governs public services, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Compensatory damages are available under Title II of the ADA only when a plaintiff demonstrates intentional discrimination. *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 261 (3d Cir. 2013). In the Third Circuit, showing that the defendant acted with deliberate indifference satisfies this standard. *Id.* at 263. Deliberate indifference typically requires a two-part showing: that the defendant (1) knew that "a federally protected right is substantially likely to be violated" and (2) failed to act nonetheless. *Id.* at 265. To demonstrate this standard, a plaintiff need not show that the defendant had "personal ill will or animosity toward the disabled person." *Id.* at 263. However, this standard requires a "deliberate choice, rather than negligence or bureaucratic inaction." *Id.*

Here, Zuzel alleges that SEPTA had a duty to ensure the accessibility and usability of its facilities by individuals using manually-powered mobility aids. (Am. Compl. ¶¶ 15-16.) But despite being "on notice and aware of the danger and risk of injury" due to the wheels of a mobility device like Zuzel's "becoming caught, trapped or lodged in the gap between its subway cars and the platforms," SEPTA "failed to provide platform barriers, vehicle ramps or bridge plates, and proper and clear pathways and ramps." (*Id.* ¶¶ 17-18.) Nor did SEPTA provide information regarding the availability of bridge plates. (*Id.* ¶ 19.) Zuzel alleges that this amounted to discrimination in violation of Title II of the ADA. (*Id.* ¶ 23.)

4

Taking these allegations as true and construing them in the light most favorable to Zuzel, the Court finds that Zuzel has stated a claim for compensatory damages under the ADA. Zuzel has alleged that SEPTA was aware that the federally protected rights of disabled people to use SEPTA's facilities were likely to be violated yet failed to take the necessary steps to prevent such violations. (*Id.* ¶¶ 17-19, 23.) At this stage of the litigation, this satisfies the standard for deliberate indifference; it is premature to decide whether Zuzel will be able to produce evidence that SEPTA acted with deliberate indifference. *See A.G. v. Lower Merion Sch. Dist.*, Civ. A. No. 11-2025, 2011 WL 6412144, at *5 (E.D. Pa. Dec. 20, 2011) (denying motion to dismiss ADA claim for compensatory damages because it was too early to assess whether discovery would produce evidence of intentional discrimination). Therefore, Zuzel may proceed with her ADA claim against SEPTA.

### B. Section 1983 Claim against SEPTA

SEPTA moves to dismiss Zuzel's Section 1983 claim because that provision does not provide a remedy for an ADA violation. (SEPTA's Br. at 7.) In response, Zuzel asserts that she seeks "a reasonable remedy and adjudication of [her] rights under federal law," which goes beyond the relief she seeks in her ADA claim and which, she argues, is appropriately brought under Section 1983. (Pl.'s SEPTA Br. at 4.)

Section 1983 does not itself create any substantive rights; rather, it creates "a method for vindicating federal rights." *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 104 (3d Cir. 2014). However, not all federal rights may be enforced through Section 1983 actions. "Congress may choose to foreclose a remedy under Section 1983, either by expressly 'forbidding recourse to Section 1983 in the statute itself,' or by 'creating a comprehensive enforcement scheme that is incompatible with individual enforcement under Section 1983.'" *Williams v. Pa. Human Relations*

*Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Blessing v. Freestone*, 520 U.S. 329, 341 (1997)). To assess whether Congress intended to implicitly preclude a Section 1983 action to enforce a particular statute, courts must consider whether the statute specifies particular procedures or requires exhaustion of particular administrative remedies before a plaintiff may file a lawsuit. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 254 (2009).

The Third Circuit has held, broadly, that "plaintiffs may not seek damages under Section 1983 for stand-alone violations of . . . the ADA." *Williams*, 870 F.3d at 297. Title II of the ADA, which governs public transportation services and is at issue in this case, creates a comprehensive remedial scheme. *See* 42 U.S.C. § 12133. This is in contrast to the "one-step remedial scheme" contained in Section 1983. *See Williams*, 870 F.3d at 299. Accordingly, Zuzel may not enforce her rights under the ADA through a Section 1983 action. *See George v. N.Y.C. Transit Auth.*, Civ. A. No. 13-7986, 2014 WL 3388660, at *3 (S.D.N.Y. July 11, 2014) (dismissing a Section 1983 claim asserting ADA violations in the provision of public transportation services). This claim is dismissed.[1]

### C. Defective Manufacture Claim against Cardinal Health

Cardinal Health seeks to dismiss Zuzel's strict product liability claim for defective manufacture, arguing that Zuzel has failed to allege even the basic elements of a defective manufacturing claim, let alone facts sufficient to withstand dismissal. (Cardinal Health's Mem. of Law in Supp. of Mot. to Dismiss [Cardinal Health's Br.] at 3-4.) Instead, Cardinal Health asserts, Zuzel's factual allegations pertain solely to design defects. (*Id.* at 3.)

---

[1] SEPTA has also moved to dismiss Zuzel's request for attorney's fees pursuant to 42 U.S.C. § 1988. (SEPTA's Br. at 1.) Because the Court dismisses Zuzel's Section 1983 claim, she will not be entitled to attorney's fees pursuant to Section 1988. However, should Zuzel prevail on her ADA claim, she may be entitled to attorney's fees under that statute. *See* 42 U.S.C. § 12205.

There are three types of strict products liability claims under Pennsylvania law: manufacturing defects, design defects, and inadequate warnings. *Walton v. Avco Corp.*, 610 A.2d 454, 458 (Pa. 1992). To prevail under the defective manufacturing theory, a plaintiff must show that there was a "breakdown in the machine or a component thereof." *Schindler v. Sofamor, Inc.*, 774 A.2d 765, 771 (Pa. Super. Ct. 2001). "In other words, a manufacturing defect only exists where the product that injured the plaintiff deviated somehow from the intended design of the manufacturer." *Giacalone v. Lacrimedics, Inc.*, Civ. A. No. 07-2212, 2008 WL 11365183 (E.D. Pa. Nov. 24, 2008).

Here, Zuzel has alleged facts pertaining exclusively to the design defect in her rollator wheel. (Am. Compl. ¶¶ 57-58.) Other than her conclusory statements that she suffered injuries as a result of Cardinal Health's "defective design and/or defective manufacturing processes," Zuzel's Amended Complaint contains no allegations pertaining to a manufacturing defect. Accordingly, the Court will grant Cardinal Health's motion to dismiss Zuzel's strict product liability claim for defective manufacture. However, she may proceed with her claim for defective design.

### D. Breach of Express Warranty Claim against Cardinal Health

Cardinal Health also seeks to dismiss Zuzel's claim for breach of express warranty, because she fails to state any facts that plausibly show an express warranty was made. (Cardinal Health's Br. at 5.) As the Court already noted in its previous Memorandum in this matter, "[a]bsent a demonstration that a promise or affirmative statement was made, how or by whom the promise was made, or what was in fact promised, a claim for breach of express warranty is not sufficiently plead." Mem., Apr. 11, 2019 at 9 (quoting *Starks v. Coloplast Corp.*, Civ. A. No. 13-3872, 2014 WL 617130, at *6 (E.D. Pa. Feb. 18, 2014)). Plaintiff's bare allegations that Cardinal Health made

7

"implied and express warranties" again falls short of the pleading standard. (*See* Am. Compl. ¶ 62.) Zuzel's claim for breach of express warranty is dismissed.

## IV. CONCLUSION

For the reasons discussed above, the Court will dismiss with prejudice Zuzel's Section 1983 claim against SEPTA as well as her claims for manufacturing defect and breach of express warranty against Cardinal Health. An Order consistent with this Memorandum will be docketed separately.