IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BELLA ZUZEL, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SOUTHEASTERN PA. TRANSPORTATION AUTHORITY and CARDINAL HEALTH, INC., | : : : | No. 19-268 |
|     Defendants. | : | |
| | | |
| CARDINAL HEALTH, INC., | : | |
|     Third-Party Plaintiff, and | : | |
| | : | |
| RGH ENTERPRISES, INC., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AIKIN HOLDING CORP., | : | |
|     Third-Party Defendant. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                                          **December 15, 2020**

      Before the Court is Defendant Cardinal Health, Inc.'s Motion for Extension of Case Deadlines. For the reasons set forth below, the motion is denied.

**I.     BACKGROUND**

      Bella Zuzel filed the operative Amended Complaint against Southeastern Pennsylvania Transportation Authority ("SEPTA") and Cardinal Health in May 2019. This Court issued a Scheduling Order in October 2019, which was amended in April 2020 to extend all remaining deadlines. Pursuant to the extended Scheduling Order, all expert discovery was to be completed by August 27, 2020, discovery closed on September 28, 2020, motions for summary judgment were due by October 29, 2020, and a jury trial was set for February 1, 2021.

1

On October 6, 2020, Cardinal Health filed a Consent Motion for Leave to File a Third-Party Complaint against Aikin Holding Corporation. Zuzel did not oppose the motion "as long as any adjustment to case deadlines move[d] the deadline for dispositive motions no later than December 31, 2020, and no other case deadlines are adjusted." (Mem. of Law in Supp. of Def. Cardinal Health's Mot. For Leave to File Third-Party Compl. at 13.) Cardinal Health confirmed that it did not anticipate seeking to move the dispositive motion deadline beyond December 31, 2020, except for the impact of any "factors beyond Cardinal Health's control, such as completion of service on Aikin." (*Id.* at 13.) Cardinal Health acknowledged that discovery had previously closed and stated that "no additional discovery is needed to pursue its claims against Aikin." (*Id.* at 13 n.11, 14.) The Court granted the motion and summons were issued for Third-Party Defendant Aikin. Aikin executed a waiver of service, which was filed on the docket on November 25, 2020.

In connection with granting leave to file a Third-Party Complaint, on October 8, 2020, the Court extended the parties' deadline to file motions for summary judgment to December 31, 2020 but left all other deadlines in the Scheduling Order unchanged. Now, Cardinal Health moves for another extension of case deadlines, including the deadline for summary judgment motions. Plaintiff does not consent to this request for another extension. Cardinal Health argues that an extension is warranted because Aikin's deadline for answering the Third-Party Complaint will not occur until after the current summary judgment deadline. It further argues that the Court's trial date will likely have to be continued in light of the ongoing COVID-19 pandemic and this District's most recent Standing Order regarding Extension of Adjustments to Court Operations, which continues all jury trials scheduled to begin on or before January 15, 2021.

## II.     STANDARD OF REVIEW

"Rule 16 gives the district courts wide latitude to manage discovery and other pretrial matters, and to set deadlines for amending pleadings, filing motions, and completing discovery." *Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007). However, a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[W]hether 'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).

## III.    DISCUSSION

Cardinal Health has not shown good cause for the Court to extend the summary judgment deadline. The Court has already twice extended the deadline for summary judgment motions. Cardinal Health now moves, only three weeks before the current summary judgment deadline, for a third extension of time, despite having previously assured the Court and Plaintiff that the addition of a Third-Party Defendant would require only a brief extension of the dispositive motion deadline. Cardinal Health was dilatory in its request for this extension and has not demonstrated diligence to warrant another extension of time.

Cardinal Health waited seventeen months after it was served with the Amended Complaint to seek leave to join a third-party defendant. The Consent Motion for Leave to File a Third-Party Complaint was presumptively untimely under Local Rule 14.1. While Cardinal Health explained the reason for this delay in the Consent Motion, it also stated that it did not seek to reopen discovery and was prepared to proceed with dispositive motions with only a two-month extension. Once the Court granted that motion, Cardinal Health sent Aikin a waiver of service, which it timely returned. There was no issue with completion of service or any other factor outside Cardinal Health's control in the intervening time. Since Cardinal Health proposed the December 31, 2020 deadline, there

has been no unexpected or unavoidable change in circumstances that demonstrates good cause to modify the current order. *See Ebel v. Eli Lilly & Co.*, 248 F.R.D. 208, 209 (S.D. Tex. 2007) (denying motion to modify scheduling order because "[t]he deadlines facing the parties are those they suggested only one month ago.").

To the extent that Aikin, or any party, will be prejudiced by the current Scheduling Order because of the existence of the Third-Party Complaint, it can "move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). But the mere existence of a Third-Party Defendant does not establish good cause for another extension of time for the parties to file summary judgment motions related to Plaintiff's claims. Cardinal Health's delay in seeking leave to file a Third-Party Complaint does not justify another modification of the Scheduling Order. Regardless of a trial date, Cardinal Health has not shown good cause to amend the summary judgment deadline pertaining to Zuzel's claims, and therefore, the motion is denied.

## IV. CONCLUSION

For the reasons discussed above, the Court will deny Cardinal Health's Motion for Extension of Case Deadlines. An Order consistent with this Memorandum will be docketed separately.