# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BELLA ZUZEL, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| SOUTHEASTERN PA. | : | |
| TRANSPORTATION AUTHORITY and | : | |
| CARDINAL HEALTH, INC., | : | No. 19-268 |
|     Defendants. | : | |
| | | |
| CARDINAL HEALTH, INC., | : | |
|     Third-Party Plaintiff, and | : | |
| | : | |
| RGH ENTERPRISES, INC., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AIKIN HOLDING CORP., | : | |
|     Third-Party Defendant. | : | |

## MEMORANDUM

**Schiller, J.**                                                                             **July 21, 2021**

       Presently before the Court is Plaintiff's motion for leave to amend her complaint. Bella Zuzel was injured when her Cardinal Health branded rollator collapsed underneath her. She sued Cardinal Health for strict product liability and breach of warranty. After the close of discovery, Cardinal filed a motion for summary judgment arguing that it could not be held liable because its indirect subsidiary, RGH Enterprises, distributed the subject rollator and Plaintiff had insufficient evidence to pierce the corporate veil. Eleven days later, Plaintiff filed the present motion for leave to amend her complaint to add RGH as a Defendant. Cardinal Health opposes Zuzel's motion, arguing that she unduly delayed in seeking leave to amend and it will suffer prejudice as a result of the proposed amendment. For the reasons set forth below, Plaintiff's motion for leave to amend the complaint is granted.

1

## I. FACTUAL BACKGROUND

### A. Plaintiff's Injury

Zuzel is an individual with disabilities that limit her ability to walk without the use of a wheeled mobility device known as a rollator. (Am. Compl. ¶¶ 12-13.) On November 25, 2016, Zuzel was injured while exiting a Broad Street Line subway car using her Cardinal Health branded rollator. (*Id.* ¶¶ 5-7.) When she disembarked from the train, the front wheels of her rollator became lodged in the gap between the subway car and the platform. (*Id.* ¶ 6.) The rollator then "fractured and broke," causing Zuzel to fall and fracture her right knee. (*Id.* ¶ 7.)

### B. Procedural History

In November 2018, Zuzel sued Cardinal Health, Southeastern Pennsylvania Transportation Authority, Inc. (SEPTA), and Medline Industries, Inc. in the Philadelphia Court of Common Pleas. SEPTA removed the case to federal court. This Court severed and remanded Zuzel's claims against Medline and dismissed her claims against Cardinal Health without prejudice for failure to state a claim.

Plaintiff filed an amended complaint in May 2019, which asserted claims against Cardinal Health for: (1) strict product liability for failure to warn; (2) strict product liability for defective design and manufacture; and (3) breach of express and implied warranties. The Court dismissed Zuzel's manufacturing defect and breach of express warranty claims against Cardinal Health for failure to state a claim. In August 2019, Cardinal Health answered the amended complaint; it denied it was the distributor of the rollator and stated "its subsidiary or affiliate distributed and sold the rollator…." (Document No. 28 ¶ 3.) In October 2019, following a Rule 16 conference, the Court issued a Scheduling Order, which was revised in April 2020 to close discovery at the end of September 2020.

Cardinal Health served three written discovery responses between October 2019 and March 2020, which each included the following footnote: "Cardinal Health, Inc. is not the appropriate entity. Rather, based on the information provided by plaintiff regarding the alleged Cardinal Health rollator at issue in this case, the appropriate entity is RGH Enterprises, Inc." (Document Nos. 56-8 at n.1, 56-9 at n.1, 56-10 at n.1.) This footnote did not state the relationship between Cardinal Health and RGH. (*Id.*) Cardinal Health's October and December 2019 discovery responses also included statements that "Defendant" distributed Plaintiff's rollator. (*See* Document No. 56-8 at 9-10, 13; Document No. 56-9 at 9.) Cardinal's March 2020 discovery responses included statements that "Defendant (specifically, RGH Enterprises, Inc.)" distributed Plaintiff's rollator. (*See* Document No. 56-10 at 5-6, 8-10.)

Cardinal Health sent Plaintiff three letters concerning various discovery disputes, dated February 28, March 13, and March 26, 2020. (Def.'s Ex. 2-4.) Each letter referenced the fact that Cardinal Health was not a proper party to the litigation and suggested a "motion to substitute parties[.]" (Def.'s Ex. 2 at 4; *accord* Ex. 3 at 2, Ex. 4 at 2.) Cardinal's third letter referenced a meet and confer on March 17, 2020 during which Cardinal asserts Plaintiff stated she was willing to substitute RGH for Cardinal Health if RGH were named as "RGH Enterprises, Inc., a wholly-owned subsidiary of Cardinal Health, Inc." (Def.'s Ex. 4 at 2.) Cardinal rejected this proposal. (*Id.*)

In October 2020, after discovery had closed, Cardinal Health filed a consent motion for leave to file a Third-Party Complaint against the alleged manufacturer of Zuzel's rollator, Aikin Holding Corp. The Third-Party Complaint also names RGH as a Plaintiff and describes RGH as "an indirect subsidiary of Cardinal Health, Inc." (Document No. 44 ¶ 2.) The Third-Party Complaint alleges that "RGH contracted with Aikin to distribute the rollator" that Plaintiff was using when she fell. (*Id.* ¶ 4.) The Third-Party Complaint refers "collectively" to Cardinal Health,

3

Inc. and RGH as "Cardinal Health". (*Id.* at 1.) It further alleges that "Cardinal Health, Inc. entered into a Private Label Agreement ('the Agreement') with Aikin through its indirect subsidiary, RGH. Under the terms of the Agreement, Cardinal Health agreed to distribute Aikin products under the Cardinal Health label." (*Id.* ¶ 10 (footnote omitted).) The Private Label Agreement—which is attached to the Third-Party Complaint as Exhibit B—includes a "Supplier Quality Agreement" that references "Cardinal Health" throughout, but "Cardinal Health" is not a defined term in the Agreement. (*See* Document No. 42-1 at Ex. B at 22-27.) The Private Label Agreement was produced during discovery. (Document No. 44 ¶ 10 n.2.)

Cardinal Health filed a motion for summary judgment on Zuzel's claims on December 31, 2020, arguing, *inter alia*, that it could not be liable for the conduct of its subsidiary RGH. (Document No. 56.) On January 11, 2021, Plaintiff filed the instant motion for leave to amend the complaint seeking to add RGH as a Defendant. The trial date that had been scheduled for February 2021 was postponed due to the suspension of jury trials in this District during the COVID-19 pandemic. The Court denied a motion to dismiss the Third-Party Complaint in February 2021, and discovery commenced on the Third-Party claims.

## II.   STANDARD OF REVIEW

After time to amend a pleading has expired, Rule 15 instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While the decision to grant or deny leave is within the discretion of the district court, leave to amend should be "freely given" absent any apparent reason for denial, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment…." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Third Circuit has "consistently recognized, however, that 'prejudice to

4

the non-moving party is the touchstone for the denial of an amendment.'" *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (quoting *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)). "Delay alone is not sufficient to justify denial of leave to amend." *Id.* "[H]owever, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). The question of undue delay requires focus on the movant's reasons for not amending sooner, whereas undue prejudice requires focus on the impact on the defendant. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). A consideration of undue delay should balance the movant's reasons for not amending sooner against the burden of delay on the district court. *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008).

## III.    DISCUSSION

Cardinal Health filed a motion for summary judgment arguing that the claims against it should be dismissed because its indirect subsidiary, RGH Enterprises, Inc., is the legal entity that distributed Plaintiff's rollator. Eleven days after Cardinal Health filed its motion for summary judgment, Plaintiff filed a motion for leave to amend the complaint to add RGH as a Defendant. Plaintiff requests that "any order permitting amendment direct that all allegations made against Cardinal Health shall also apply to [RGH]." (Mot. Incorporating Mem. of Law Requesting Leave to Amend Compl. to Name RGH Enters., Inc. as Def. ¶ 7.) Plaintiff argues that she should be granted leave to amend because of "Cardinal Health's numerous inconsistent and contradictory pleadings, sworn statements, verifications and representations regarding its role and legal status of its 'indirect subsidiary'…." (*Id.* ¶ 6.) Plaintiff also argues that no prejudice will result from this late amendment because RGH has already voluntarily joined the litigation as a Plaintiff to the Third-Party Complaint against Aikin and adding RGH as a defendant "will require no further

discovery and will not cause any delay of the proceedings." (*Id.* ¶ 8.) Cardinal Health opposes this motion, arguing that it would suffer prejudice, and that Plaintiff unduly delayed in seeking leave to amend. Upon consideration of these arguments, the Court will grant Plaintiff leave to amend the complaint.

First, the Court does not believe Cardinal Health will be prejudiced by this amendment. Cardinal argues that because it expended substantial resources filing a motion for summary judgment, Cardinal Health "would suffer prejudice if its meritorious dismissal were to be circumvented by Plaintiff's costly litigation tactics." (Opp'n to Pl.'s Mot. Requesting Leave to Amend the Compl. to Name RGH Enters., Inc. as Def. at 9.) This argument is unconvincing. Even if RGH had been joined as a co-defendant at the start of the case, Cardinal would still have had to file a motion for summary judgment arguing that none of the conduct alleged was attributable to it, as opposed to RGH, in order to potentially obtain dismissal on those grounds. Therefore, Cardinal Health suffers no prejudice merely from having filed its motion for summary judgment before Plaintiff sought leave to add RGH. Moreover, Cardinal Health anticipated this motion for leave to amend throughout this litigation. In fact, Cardinal Health initially indicated to Plaintiff that it would consent to a "motion to substitute" RGH for Cardinal Health. (Def.'s Ex. 2-3.) Most importantly, Plaintiff has asserted that she will not require any additional discovery if permitted to amend, which eliminates any concern of prejudice to Cardinal Health that might result from reopening discovery. *See Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 519 (3d Cir. 1988). Thus, the Court rejects Cardinal's argument that it will be prejudiced by Plaintiff's proposed amendment.

Cardinal Health also argues that Plaintiff's motion should be denied because she has unduly delayed in seeking leave to amend. Amendment of a complaint at the summary judgment stage is not unusual, nor does it inherently constitute undue delay. *See Adams*, 739 F.2d at 869 (3d Cir.

6

1984). Rather, the key considerations in the inquiry are plaintiff's motivation in waiting to amend, and the burden of delay on the court. *Bjorgung*, 550 F.3d at 266 (3d Cir. 2008); *Cureton*, 252 F.3d at 273 (3d Cir. 2001). Plaintiff does not explicitly state the reason for her delay in moving to amend, but she argues that Cardinal Health's inconsistent and contradictory verifications raised a question of fact as to Cardinal Health's involvement in the distribution chain.

Although Plaintiff has delayed in seeking leave to amend, the Court is not convinced that this delay is "undue" or warrants denial of the motion. Nothing in the record indicates bad faith or a dilatory motive. There is no suggestion Plaintiff knew of the existence of RGH prior to filing her First Amended Complaint in May 2019, and Cardinal Health did not identify RGH in either of its motions to dismiss. When Cardinal Health filed its answer in August 2019, Plaintiff then had notice of Cardinal's position that "a subsidiary or affiliate" distributed the rollator but did not have notice of the identity of RGH. Cardinal Health's October and December 2019 discovery responses stated that Cardinal Health was "not the appropriate entity" and RGH was "the appropriate entity", but these responses did not expressly disclaim Cardinal's role as a distributor, and thus, may not necessarily have put Plaintiff on notice of the need to amend. (*See* Document Nos. 56-8 at n.1, 9-10, 13; 56-9 at n.1, 9.) However, in light of the discovery responses and letters that Defendant presents from March 2020, the Court agrees that Plaintiff either knew or should have known of Cardinal Health's position that RGH distributed the rollator at least as early as March 2020—ten months before she sought leave to amend to add RGH. (*See* Document No. 56-10; Def.'s Ex. 2-4.) While Plaintiff could have been more diligent in seeking leave to add RGH as a Defendant after that time, the Court does not believe her conduct was "so egregious as to render amendment inequitable" in light of the liberal standard of Rule 15. *Arthur,* 434 F.3d at 206 (3d Cir. 2006) (eleven-month delay between filing complaint and seeking leave to amend not undue, even if

plaintiff could have sought leave sooner). There is no indication that Plaintiff's failure to seek leave to amend earlier was anything other than a "good-faith lapse[] in judgment," which she sought to correct promptly after Cardinal Health filed its motion for summary judgment. *Id.*

As for the burden on the Court, because RGH is a subsidiary of the Defendant, and has already been involved in the Third-Party Complaint as a Plaintiff, the amendment will not require a substantial period of additional discovery that would create potential burden. *Cf. Bjorgung*, 550 F.3d at 267 (3d Cir. 2008) (affirming denial of amendment to add a party after summary judgment where amendment "might send the court through a substantial period of additional discovery and motions"). Moreover, Cardinal, as a Third-Party Plaintiff, has already delayed the proceedings by waiting until after the close of discovery to seek leave to file its Third-Party Complaint. Because Plaintiff does not intend to take any additional discovery, and because of the ongoing litigation concerning the Third-Party Complaint, Plaintiff's delay in seeking leave to amend does not place a significant burden on the Court's schedule or risk unduly delaying resolution of the case.

Absent equitable considerations that would render an amendment unjust, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [she] ought to be afforded an opportunity to test [her] claim on the merits." *Foman*, 371 U.S. at 182. In light of Cardinal Health's arguments for summary judgment because RGH is a separate corporate entity, it is possible that the only way for Plaintiff to reach the merits of her claims is to allow her to add RGH as a Defendant. Thus, the Court concludes that justice requires permitting Plaintiff to amend her complaint.

## IV.     CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's motion for leave to amend the complaint. An Order consistent with this Memorandum will be docketed separately.