IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **BELLA ZUZEL,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 19-268 |
| | : | |
| **CARDINAL HEALTH, INC., and** | : | |
| **RGH ENTERPRISES, INC.,** | : | |
| *Defendants.* | : | |
| | : | |
| and | : | |
| | : | |
| **CARDINAL HEALTH, INC., and** | : | |
| **RGH ENTERPRISES, INC.,** | : | |
| *Third-Party Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| **AIKIN HOLDING CORP.,** | : | |
| *Third-Party Defendant.* | : | |

## MEMORANDUM

**KENNEY, J.**                                                                                                December 29, 2023

Plaintiff Bella Zuzel was injured when her Cardinal Health, Inc. ("Cardinal Health") rollator collapsed underneath her while she was exiting a Broad Street Line subway car. Plaintiff sued Cardinal Health and its indirect subsidiary, RGH Enterprises, Inc. ("RGH"), which in turn filed a Third-Party Complaint against the manufacturer of the rollator, Aikin Holding Corp. ("Aikin"). On October 5, 2021, the Court[1] granted in part Third-Party Plaintiffs Cardinal Health and RGH's Motion for Summary Judgment (ECF No. 94) and entered an order holding, *inter alia*, that Aikin breached its duty to defend RGH and Cardinal Health as an affiliate of RGH. ECF No.

---

[1] The Honorable Berle M. Schiller presided over this case until it was reassigned on August 3, 2023 to the Honorable Chad F. Kenney. ECF No. 171.

1

138. Presently before the Court is Defendant RGH's Renewed Motion to Assess Defense Fees and Costs (ECF Nos. 183 (redacted version), 184 (sealed version)). The Motion was filed on October 30, 2023 and there has been no response from Aikin. For the reasons set forth below, the Court will enter default judgment against Third-Party Defendant Aikin, will grant RGH's Renewed Motion to Assess Fees and Costs, and will order Aikin to pay RGH and its affiliate, Cardinal Health, for defense fees and costs incurred in this matter and the settlement amount, totaling ▇▇▇▇▇▇▇, plus interest through the date of entry of judgment. An appropriate Order will follow.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Zuzel filed this suit against Cardinal Health and its indirect subsidiary RGH after she was injured when her Cardinal Health rollator collapsed underneath her. ECF No. 20. In response, Cardinal Health and RGH filed a Third-Party Complaint against Aikin, the manufacturer of Plaintiff Zuzel's rollator asserting claims for: (1) breach of contract; (2) a declaratory judgment that the Agreement between RGH and Aikin encompassed Plaintiff's claims; and (3) common law indemnity, or in the alternative, contribution. ECF No. 44. Aikin moved to dismiss and moved to strike or sever the Third-Party Complaint; however, the Court denied these motions. ECF No. 90.

Thereafter, Third-Party Plaintiffs Cardinal Health and RGH and Third-Party Defendant Aikin filed cross-motions for summary judgment on the Third-Party Complaint. ECF Nos. 94, 118. On October 5, 2021, this Court: (1) denied Cardinal Health's motion for summary judgment without prejudice to renew its request for common law indemnification; (2) granted RGH's motion for summary judgment with respect to the breach of contract claim for the duty to defend and with respect to its request for a declaratory judgment that Plaintiff's underlying claims fall within the indemnification provision of the contract between RGH and Aikin; and (3) granted summary judgment in favor of Aikin only with respect to its breach of contract and declaratory judgment

2

claim as to Cardinal Health, and the common law indemnification claim as to RGH. ECF Nos. 137, 138.

As this Court held that Aikin breached its duty to defend RGH and Cardinal Health, as an affiliate of RGH, RGH and Cardinal Health promptly requested that Aikin: (1) immediately take over their defense; and (2) reimburse their defense fees and costs incurred in defending the case and pursuing defense and indemnification. ECF No. 183-2. At that time, RGH and Cardinal Health estimated that their attorneys' fees and costs to date—incurred over the span of two and a half years for both defending the underlying litigation and pursuing defense and indemnification from Aikin—totaled approximately $860,000 in fees and $31,000 in costs. *Id.* Even with this Court's Order holding Aikin breached its duty to defend and RGH and Cardinal Health's request to Aikin, Aikin still refused to defend RGH and Cardinal Health, pay their defense costs, or agree to indemnify them.

Accordingly, on November 29, 2021, RGH moved for the Court to assess damages against Aikin (ECF No. 142), to which Aikin filed an opposition on December 6, 2021. ECF No. 143. Thereafter, on December 10, 2021, Aikin filed a Motion for Certification of the Court's October 5, 2021 Summary Judgment Order for Interlocutory Appeal (ECF No. 144), to which RGH filed an opposition on December 27, 2021. ECF No. 148. The Court denied Aikin's Motion for Certification (ECF No. 152) and denied without prejudice RGH's Motion to Assess Defense Fees and Costs to refile by September 13, 2022 with unredacted copies of its attached exhibits, so the Court would be able to assess the reasonableness of the fee. ECF No. 153.

Around this point in the litigation, Aikin seemed to stop participating. To begin, on September 1, 2022, Aikin's lead counsel, Matthew L. McBride III, moved to withdraw as counsel of record for Aikin, indicating that he obtained new employment which prevented him from

continuing to represent Aikin and that he was attempting to obtain additional, substitute counsel. ECF No. 154. On that same day, Aikin's local counsel moved to withdrawal, representing that all communications and direction to and from the client were filtered through Attorney McBride, and accordingly, local counsel had been unable to communicate with Aikin and would likely be unable to communicate with Aikin in the absence of Attorney McBride. ECF No. 155. On September 12, 2022, the Court denied without prejudice the two motions to withdraw, subject to renewal upon confirmation that Aikin retained substitute counsel in the case, and further ordered substitute counsel for Aikin to enter an appearance on or before October 4, 2022. ECF No. 157.

On the same day that the Court entered this Order, RGH refiled their Motion to Assess Defense Fees and Costs. ECF No. 156. In response, local counsel for Aikin filed a Motion for an Extension of Time to File Response, wherein they indicated that the relationship between local counsel and lead counsel for Aikin had broken down and local counsel could not reach Aikin to determine whether it had retained new counsel or be given any guidance concerning a response to the pending Motion for Attorneys' Fees and Costs. ECF No. 158. The Court granted this extension request. ECF No. 161.

On September 23, 2022, local counsel filed a renewed motion to withdraw as local counsel for Aikin, again indicating that lead counsel had been the sole source of communication with Aikin and local counsel was without instruction as to how to proceed. ECF. No. 159. Also on September 23, 2022, lead counsel for Aikin, Attorney McBride, filed a Motion to Reconsider Denial of Withdrawal of Counsel for Third Party Defendant Aikin Holding Corporation. ECF No. 160. Therein, lead counsel indicated that upon his new employment, he was ethically prohibited from further representing Aikin due to a conflict, that Aikin consented to his withdrawal, and that Aikin was continuing to search for other counsel. *Id.* Subsequently, on October 5, 2022, lead counsel

filed a Declaration indicating that he had made continuous efforts to assist Aikin in locating counsel but he had been unsuccessful. ECF No. 162. The Declaration further provided lead counsel's contact for Aikin Healthcare, Allen Fan, and indicated that lead counsel believed Mr. Fan was still involved in the proceedings, was actively seeking substitute counsel, and was aware of the possible outcomes for the pending Motion for Fees and Costs. *Id.* No new counsel for Aikin entered an appearance prior to the October 4, 2022 deadline set by this Court by its September 12, 2022 Order.

On October 31, 2022, this Court granted Aikin's local and lead counsel's motions to withdraw as counsel for Aikin. ECF No. 164. The Court further ordered Aikin to show cause by November 16, 2022 why default judgment should not be entered against it. *Id.* Aikin failed to comply with this Order.

On August 3, 2023 this case was reassigned from the Honorable Berle M. Schiller to the Honorable Chad F. Kenney. ECF No. 171. On August 8, 2023, this Court denied RGH's Motion to Assess Defense Fees and Costs without prejudice to refile once a final judgment is entered in the underlying action. ECF No. 173. Thereafter, Plaintiff Zuzel and Cardinal Health and RGH settled the underlying action, and accordingly, RGH filed a Renewed Motion to Assess Defense Fees and Costs. ECF Nos. 183 (redacted version), 184 (sealed version). Aikin has not responded to this Motion.

## II.   DISCUSSION

### A.   Default Judgment

"The inherent power of district courts to levy sanctions in response to abusive litigation practices, includes the power to grant default judgment." *Mendelsohn, Drucker, & Assocs., P.C. v. Titan Atlas Mfg., Inc.*, No. 12-cv-0453, 2013 WL 1842124, at *4 (E.D. Pa. May 2, 2013)

(internal quotation marks and citations omitted) (cleaned up). Pursuant to Federal Rule of Civil Procedure 55, a district court may enter default judgment against a party that has failed to defend an action. Fed. R. Civ. P. 55. "Entry of default judgment under Rule 55 is not limited to situations where a party fails to respond to a complaint; it is also appropriate where a party fails to comply with the court's unambiguous orders." *Plumbers Union Local No. 690 v. F.P.S. Plumbing, Inc.*, No. 08-cv-4271, 2009 WL 2591153, at *2 (E.D. Pa. Aug. 20, 2009) (citations omitted). "Courts [within this Circuit] have long held that the failure of a corporation or LLC to be represented by counsel . . . is an appropriate basis for the entry of default judgment against the entity." *Price Home Grp., LLC v. Ritz-Craft Corp. of Pa., Inc.*, No. 16-668, 2017 WL 5191807, at *3 (D.N.J. Nov. 8, 2017) (citing, *inter alia*, *Carolee, LLC v. eFashion Sols., LLC*, No. 12-cv-2630, 2013 WL 3336789, at *1 (D.N.J. July 2, 2013)); *see also Mendelsohn*, 2013 WL 1842124, at *5 ("Because a corporation cannot represent itself pro se in federal court, a corporate defendant's failure to retain counsel after being ordered to do so is a failure to 'otherwise defend' under Rule 55 that justifies a default." (citations omitted)). Accordingly, "[d]efault judgments have been entered and affirmed against corporate defendants on this basis, whether or not the judgment was entered upon a party's motion, or sua sponte by the court." *Mendelsohn*, 2013 WL 1842124, at *5 (citations omitted).

Before entering a default judgment as a sanction, the Third Circuit requires that district courts consider the six factors outlined in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984).[2] These factors include (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party or

---

[2] In *Knoll v. City of Allentown*, 707 F.3d 406, 410–411 (3d Cir. 2013), the Third Circuit held that an analysis of the *Poulis* factors is not necessary in the post-trial context. Here, no trial occurred; however, the claims have been resolved without Aikin's participation. While an express analysis of the *Poulis* factors may not be required in this case, the factors fully support the entry of default.

the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of a party's claim or defense. *Id.*

### 1.     Aikin's Personal Responsibility

"Defendants ha[ve] personal responsibility for the conduct of the litigation after their attorney withdr[aws]." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 920 (3d Cir. 1992), *abrogated in non-relevant part by Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), *as recognized in White v. Samsung Electronics America, Inc.*, 61 F.4th 334, 338 (3d Cir. 2023); *see also Williams-Lester v. Vision Fin. Corp.*, No. 15-cv-6662, 2017 WL 457184, at *5 (E.D. Pa. Feb. 1, 2017) ("[B]ecause a corporation cannot represent itself in federal court, [defendant corporation] bears substantial personal responsibility to follow the Court's orders and appoint new counsel."). Here, after the Court ruled largely against Aikin and held that Aikin breached its duty to defend RGH and Cardinal Health as an affiliate of RGH, Aikin's attorneys withdrew. Despite this Court ordering Aikin to have a new attorney enter an appearance by October 4, 2022, and the Court's later order requiring Aikin to show cause why default should not be entered, Aikin has not participated in this litigation since its counsel first moved to withdraw—meaning September 1, 2022. Accordingly, Aikin has failed to comply with Court orders and has failed to respond to RGH's Renewed Motion for Fees and Costs and bears responsibility for these failures. Thus, this factor favors entry of default judgment.

### 2.     Prejudice to the Adversary

The prejudice to Third-Party Plaintiffs is due to Aikin's conduct and inactions. Third-Party Plaintiffs have been forced to litigate this action and prosecute their case without the cooperation of Aikin despite this Court ruling that Aikin breached its duty to defend RGH and this Court ruling in favor of RGH on its declaratory judgment claim. Because Aikin failed to secure new counsel

and respond to this Court's Order to Show Cause, RGH and Cardinal Health were forced to continue incurring fees and costs to defend themselves against Plaintiff Zuzel's claims and pursue payment from Aikin until RGH and Cardinal Health finally reached a settlement with Plaintiff Zuzel in September 2023. Thus, this factor favors entry of default judgment.

        3.     *History of Dilatoriness*

Aikin's dilatory conduct has been outlined in this Court's recitation of the facts. Despite this Court finding that Aikin breached its duty to defend RGH and Cardinal Health as an affiliate of RGH, Aikin refused to pay RGH and Cardinal Health's fees and costs. Moreover, despite this Court ordering that new counsel for Aikin must enter an appearance by October 4, 2022, and later ordering Aikin to show cause why default should not be entered by November 16, 2022, Aikin did not do so. Accordingly, Aikin has failed to engage and inhibited the progress of this case. *See, e.g.*, *Williams-Lester*, 2017 WL 457184, at *5 ("[Defendant corporation] displayed serious dilatoriness by ignoring two Court Orders and not participating in this litigation in over ten months."). Thus, the third factor favors entry of default judgment.

        4.     *Willfulness or Bad Faith*

This Court does not know the motivations behind Aikin's lack of participation in this litigation. However, "courts in this Circuit have recognized, [that] the absence of reasonable excuses may suggest that the conduct was willful or in bad faith." *Nike USA, Inc. v. Official Unlimited Inc.*, No. 18-5460, 2022 WL 1203725, at *7 (E.D. Pa. Apr. 21, 2022) (internal quotation marks and citations omitted). Aikin's failure to comply with this Court's orders—directing it to obtain counsel and then directing it to show cause—compels a finding of willfulness. *See id.* (finding corporation's failure to comply with orders directing it to obtain counsel and show cause compels a finding of willfulness); *see also Malibu Media, LLC v. Paek*, No. 13-cv-2766, 2015 WL

8

779494, at *3 (E.D. Pa. Feb. 23, 2015) ("Defendant's repeated failure to comply with this Court's orders and, in particular, his failure to respond to this Court's *Rule to Show Cause* Order evidences willfulness."); *Williams-Lester*, 2017 WL 457184, at *5 ("[Defendant corporation] consistently failed to comply with the Court's orders despite a warning about the consequence of noncompliance, which evidences bad faith."). Thus, the fourth factor favors entry of default judgment.

### 5. *Effectiveness of Alternative Sanctions*

Aikin's repeated failures to comply with numerous orders have deprived this Court of the ability to fashion, if appropriate, a less severe and more moderate sanction that might ensure future compliance. As evidenced by the procedural history of this case, Aikin has simply ignored this Court's previous orders and, in the absence of an offered justification for Aikin's repeated failures, Aikin's conduct makes it clear that any other less severe sanction would be ineffective. *See, e.g.*, *Williams-Lester*, 2017 WL 457184, at *5 ("[B]ecause [defendant corporation] refuses to participate in the litigation, default judgment is the only effective sanction."). Thus, the fifth factor favors entry of default judgment.

### 6. *Meritoriousness of the Claim or Defense*

On October 5, 2021, this Court found that Aikin breached its duty to defend RGH, and Cardinal Health as an affiliate of RGH and found that RGH was entitled to a declaratory judgment that Plaintiff's claims fall within the indemnification provision of the contract between RGH and Aikin. Although Aikin moved for certification of an interlocutory appeal of that ruling, the Court denied the motion finding, *inter alia*, that Aikin had failed to demonstrate substantial grounds for difference of opinion on any issue. ECF No. 152. Thus, this Court has already held for RGH, and Cardinal Health as its affiliate, and has repeatedly considered Aikin's position.

Additionally, this Court received Aikin's initial opposition to RGH's First Motion to Assess Fees and Costs, wherein it argued that disputed issues of fact exist regarding when the duty to defend was triggered and that it cannot be liable for fees and costs which accrued before being notified of the Suit. However, this position is without merit as under Ohio law, which governs under the terms of the Agreement, the duty to defend arises upon the filing of the initial complaint.[3] *See Auto-Owners Ins. Co. v. Manore*, No. L-85-288, 1986 WL 7377, at *2 (Ohio Ct. App. June 30, 1986) ("The insurer's duty to defend arises as soon as the suit is brought against the insured to enforce a claim for damages."). Thus, the final factor favors entry of default judgment.

In sum, every factor supports the entry of default judgment. As such, this Court will enter default judgment against Third-Party Defendant Aikin and as described below, will award RGH and Cardinal Health all fees and costs incurred and the amount of settlement.

### B.      Defense Fees, Costs, and Settlement Amount

Having determined that RGH and Cardinal Health are entitled to entry of default judgment against Aikin, the Court must next consider the appropriate amount of damages. "The Court may calculate damages by receiving evidence and detailed affidavits from the claimant in lieu of a hearing." *Williams-Lester*, 2017 WL 457184, at *5 (citation omitted). Under Ohio law, damages for breach of the duty to defend include reasonable attorneys' fees and costs incurred. *See Allen v. Standard Oil Co.*, 443 N.E.2d 497, 500 (Ohio 1982) (indemnitor who wrongfully refuses to defend is "liable for the costs, including attorney fees and expenses, incurred by the indemnitee in

---

[3]      Under Pennsylvania's choice-of-law rules, Ohio law applies because Section 13 of the Agreement contains a choice of law provision providing that the Agreement is governed by Ohio law. *See, e.g.*, *Catlin Specialty Ins. Co. v. J.J. White, Inc.*, 309 F. Supp. 3d 345, 353 (E.D. Pa. 2018); *see also Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 55 (3d Cir. 1994) ("Pennsylvania courts generally honor the intent of the contracting parties and enforce choice of law provisions in contracts executed by them.").

defending the initial action and in vindicating its right to indemnify in a third-party action brought against the indemnitor"). An indemnitor should not be permitted to "altogether deny the duty to defend, leave [the indemnitee] to its own devices, and then, when the denial prove[d] incorrect, second-guess how [the indemnitee] ha[d] chosen to defend and the amounts it ha[d] expended in doing so." *Abercrombie & Fitch, Co. v. ACE European Grp., Ltd.*, Nos. 2:11-cv-1114, 2:12-cv-1214, 2014 WL 4915269, at *7 (S.D. Ohio Sept. 30, 2014), *aff'd*, 621 F. App'x 338 (6th Cir. 2015). This makes sense because "when an insurance company is vigorously denying that it [has] any duty to defend, the insured has an incentive to minimize its legal expenses (for it might not be able to shift them)." *Id.* (quoting *Alticor, Inc. v. Nat'l Union Fire Ins. Co.*, 345 F. App'x 995, 999 (6th Cir. 2009)) (internal quotation marks and citation omitted). Accordingly, "the actually incurred fees are a reasonable measure of the damages caused by the insurer's wrongful refusal to defend." *Id.* (quoting *Alticor*, 345 F. App'x at 999).

Moreover, when an insurer fails to join in the settlement proceedings and refuses to indemnify the insured, judicial scrutiny of the settlement is relaxed. *TIG Ins. Co. v. Nobel Learning Cmtys, Inc.*, No. 01-cv-4708, 2002 WL 1340332, at *12 (E.D. Pa. June 18, 2002); *see also Sanderson v. Ohio Edison Co.*, 635 N.E.2d 19, 23–24 (Ohio 1994) ("By abandoning the insureds to their own devices in resolving the suit, the insurer voluntarily forgoes the right to control the litigation and, consequently, will not be heard to complain concerning the resolution of the action in the absence of a showing of fraud, even if liability is conceded by the insureds as a part of settlement negotiations."). "To determine that a settlement is acceptable, the court must satisfy [itself] that the negotiations were done in good faith and the settlement was fair and reasonable." *TIG Ins. Co.*, 2002 WL 1340332, at *12 (internal quotation marks and citations omitted).

Here, for over nearly five years, RGH and Cardinal Health incurred fees and costs defending against Plaintiff Zuzel's claims and pursuing defense and indemnification from Aikin. Accordingly, RGH and Cardinal Health request $1,019,983.44 in attorneys' fees, $42,106.77 in costs, and ▮▮▮▮▮▮ for the settlement amount. As described below, the attorneys' fees, costs, and settlement amount are reasonable, and the Court will order Aikin to pay the full requested amount.

In this matter, RGH and Cardinal Health retained Crowell & Moring LLP ("Crowell"), who are uniquely situated to handle this matter as they have handled many product liability cases for RGH and Cardinal Health relating to their medical devices, including several matters specifically involving rollators and *Aikin rollators*. ECF No. 183, Ex. 5, Decl. of Andrew D. Kaplan ("Kaplan Decl."), ¶ 5. Because of the volume of services Crowell provides to RGH and Cardinal Health, Crowell charges these entities negotiated rates that are significantly lower than Crowell's standard rates. *Id.* ¶ 6. The reduced rates were used to calculate the fees and costs requested in this matter. *Id.* These hourly rates range from $315 (for an Associate) to $824 (for a Partner), with nearly all rates being $520 or less.[4] *See* ECF No. 183, Ex. 2. The Court finds that these rates are reasonable hourly rates given the complexity of the issues and the experience of the attorneys involved.

RGH and Cardinal Health seek $1,019,983.44 in attorneys' fees which represents a total of 2,185.52 hours worked over a period of nearly five years. ECF No. 184-1 at 11. As represented in RGH's Memorandum in Support of its Motion to Assess Defense Fees and Costs, throughout this litigation, "RGH and Cardinal Health's counsel sought to do only the work necessary to adequately

---

[4]     Crowell also retained local counsel to assist with jurisdiction-specific practice and procedure. The hourly rate charged by Crowell's local counsel from January 2019 to September 2019, Marino Associates, is $325. The hourly rate charged by Crowell's local counsel from October 2019 to the present, Barley Snyder, is $290.

12

litigate the case and actively tried to avoid incurring unnecessary fees and costs" by, for example, not naming experts and taking limited depositions. *Id.* at 10–11. A large portion of the hours worked were spent responding to Aikin's own litigation tactics, such as responding to Aikin's motion to dismiss, its motion to strike or sever, and its discovery requests. *Id.* at 11. Upon review of the time entries, the Court finds the number of hours were reasonably expended and that RGH and Cardinal Health should be awarded $1,019,983.44 in attorneys' fees.

RGH and Cardinal Health also seek $42,106.77 in costs. ECF No. 184-1 at 11. As RGH and Cardinal Health represent, the "bulk of the requested costs consist of necessary items such as translation services relating to serving documents on Aikin in China, Plaintiff Zuzel's Independent Medical Examination, court fees, costs relating to [P]laintiff's deposition, and costs of legal research." *Id.* Upon review of the costs, the Court finds the costs requested by RGH and Cardinal Health's counsel in this matter are reasonable.

Finally, RGH and Cardinal Health request the Court order Aikin reimburse RGH and Cardinal Health for the settlement amount. As noted above, when an insurer fails to exercise its duty to defend, it must compensate the insured for any settlement so long as "the negotiations were done in good faith and the settlement was fair and reasonable." *TIG Ins. Co.*, 2022 WL 1340332, at *12 (internal quotation marks and citations omitted). Here, RGH, Cardinal Health, and Plaintiff Zuzel participated in a court-ordered settlement conference with Magistrate Judge Scott Reid, which indicates that the negotiations were done in good faith. Moreover, as represented by RGH and Cardinal Health the final settlement amount of ▬▬▬ was less than half of any of Plaintiff Zuzel's demands, the lowest of which was ▬▬▬. ECF No. 184-1 at 12. Accordingly, the Court finds the settlement amount was negotiated in good faith and represents a fair and reasonable

amount. Thus, the Court will order Aikin compensate RGH and Cardinal Health for the full settlement amount.

In sum, Aikin must pay RGH and Cardinal Health as RGH's affiliate for defense fees and costs incurred in this matter and the settlement amount, totaling ▮▮▮▮▮▮, plus interest through the date of entry of judgment

### III.   CONCLUSION

For the foregoing reasons, the Court will enter default judgment in favor of RGH and Cardinal Health and against Aikin, and accordingly, will order Aikin to pay RGH and Cardinal Health, for all defense fees and costs incurred in this matter and the settlement amount, totaling ▮▮▮▮▮▮, plus post-judgment interest pursuant to Ohio Rev. Code § 1343.03(A). An appropriate Order will follow.

BY THE COURT:

*/s/ Chad F. Kenney*

**CHAD F. KENNEY, JUDGE**